**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **CYNTHIA MCKAUGHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:06cv0056** |
| | ) | |
| **MICHAEL J. ASTRUE,[1]** | ) | **Judge Thomas A. Wiseman, Jr.** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**ORDER**</u>

Plaintiff Cynthia McKaughan filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final determination by the Commissioner of Social Security ("Defendant" or "Commissioner") that Plaintiff was not disabled and denying Plaintiff's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Currently pending is Plaintiff's Motion for Reversal or Remand of the Commissioner's Decision (Doc. No. 14). The matter has been fully briefed and is ripe for consideration.

As explained more fully in the accompanying Memorandum Opinion, the Court finds that the Administrative Law Judge ("ALJ") erred in failing to ask the Vocational Expert ("VE") who testified at the hearing before the ALJ about possible conflicts between the VE's testimony regarding her classification of various jobs and the classification of those same jobs in the Dictionary of Occupational Titles ("D.O.T."). Having failed to ask about possible conflicts, the ALJ also erred in failing to ask the VE to discuss the apparent conflicts between her testimony and the D.O.T. As a result of these errors, the Commissioner failed to carry his burden at step five of the sequential analysis to demonstrate the existence of a significant number of jobs in the national economy that the Plaintiff can perform given her age, experience, education, and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920.

For that reason, Plaintiff's motion for remand is hereby **GRANTED**; the Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent

---

[1] Michael J. Astrue is automatically substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R. Civ. P. 25(d)(1).

with this Order and the accompanying Memorandum Opinion.  Plaintiff's other contentions of error are **OVERRULED**.

It is so **ORDERED**.

This is a final judgment for purposes of Fed. R. Civ. P. 58.


_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge